WILLIAM P. PREBLE, *Ex'r, versus* ELLEN T. LONGFELLOW.

A guardian is not authorized by law to make advances from his own means for the maintenance of his ward, but is bound to provide for such maintenance from the income and (if necessary,) the principal of the ward's personal estate, and, if these are insufficient, to obtain license of Court and sell real estate of the ward to provide the means required.

A guardian cannot, by making advancements for his ward's support, make the ward his debtor upon arriving at full age; and an action cannot be maintained by the guardian against his late ward, when of age, to obtain remuneration for such advancements, nor for a balance due him on his guardianship account as adjusted and allowed by the Probate Court.

ON AN. AGREED STATEMENT OF FACTS.

In 1854, William P. Preble, the plaintiff's testator, was duly appointed guardian of the defendant, then a minor. The property of the ward consisted of real estate in Portland. The guardian faithfully performed his duties until his death in October, 1857, advancing, from time to time, from his own funds, such sums as were required for the support and education of his ward, besides selling real estate of the minor for the same purpose, under license of Court. He settled several accounts of his guardianship at the Probate Court, the last of which was in September, 1857, by which it appeared that a balance of $477,08, was due to him, for advancements made for the support of his ward beyond what he had received. At the time of settling his last account, he presented a petition to the Court for a license to sell the remaining real estate of his ward for her maintenance, and an order of notice was granted; but the guardian deceased before a license was obtained.

After the death of the guardian, and before the commencement of this action, the defendant became of full age.

If this action can be maintained, judgment is to be rendered for the plaintiff for $477,08 and interest; otherwise a nonsuit is to be entered.

*Deblois & Jackson*, for the defendant.

A guardian is the servant of the Court, and has no au-

thority to expend for his ward's support more than the income of the ward's real estate, without *first* obtaining authority from the Court. If he makes advances from his own funds, he may obtain re-payment under license, but has no remedy against the ward after he arrives at full age. There is no *assumpsit* implied from the relation between him and the ward. To maintain that the guardian may bring his ward in debt, and collect it of him when of age, would put it in the power of the guardian to expend more than the whole value of his ward's property, and hold him liable therefor.

An adjustment in the Probate Court of the guardian's account, showing a balance due him, might be ground for a license from the Court for the sale of the ward's property during the continuance of the guardianship, to remunerate him for such balance; but, if he suffers the guardianship to terminate without being so remunerated, he has no further remedy. Payment may be obtained out of the ward's estate whilst in his hands; but such advances are not the subject of a personal charge against the ward.

The counsel cited in support of his positions, 7 Mass., 6; 13 Pick., 206; 4 Taunt., 765; *Moore* v. *Carson,* 1 Howard's Miss., 53; 2 Sup. to U. S. Dig., 100, 102; *Bybee* v. *Thorp,* 4 B. Monroe, 413; *Simms* v. *Norris,* 5 Ala., 42; *Crymes* v. *Day,* 1 Bailey, 320; *Hassard* v. *Rowe,* 11 Barb. S. C., 22; *State* v. *Cook,* 12 Iredell, 67; *Myers* v. *Wade,* 6 Randolph, 444; *Long* v. *Norcross,* 3 Iredell, 352; *Call* v. *Ward,* 4 Watts & Serg., 118; 2 Kent's Com., 240.

No *brief* of plaintiff's counsel is found with the papers of the case.

The opinion of the Court was drawn up by

TENNEY, C. J. — Guardians are required by the statute, c. 57, § 12, to manage the estate of their wards frugally, and without waste; and apply the income and profits thereof, as far as needed, for the comfortable maintenance of the ward and his family; and, if they are insufficient for that purpose, they may use the principal; and, when any exigency occurs, the

guardian may apply to a proper court, for a license to sell real estate of his ward, and apply the proceeds to the purposes contemplated by his license. These requirements are in harmony with the general legal principles, applicable to the relation of guardian and ward. 2 Kent's Com., 229 to 231, (5th ed.)

From these provisions, it cannot be doubted that the ward is to have the maintenance referred to, from the property belonging to him; without the creation of any debts, unnecessarily, against him by the guardian. And, for the attainment of such an object, the guardian is to appropriate the income and profits of the estate, and the principal, if the income and profits, are not sufficient. And money may be obtained by the sale of the ward's real estate, under a judicial license, when it becomes necessary for such maintenance. And it cannot be admitted, that the guardian, by neglecting to exercise the authority conferred to enable him to perform his duty to his ward in this respect, when the means are ample for the purpose intended by the law, can expose his ward to become his debtor after he shall arrive at the age of twenty-one years. The omission to use this authority, is evidence of a want of fidelity in the execution of the trust committed to him by law.

This action is for the recovery of a sum of money advanced by the guardian in the maintenance of the ward from April, 1854, to March, 1857, the guardianship having continued till October 11, 1857, when it terminated by the death of the plaintiff's testator.

The case shows no legal necessity for the delay in the guardian, which is exhibited, to provide the means for the maintenance of the defendant; and there was no reason for his becoming her creditor, after she became of the age of twenty-one years, disclosed by the facts agreed, so that this action cannot be maintained. *Plaintiff nonsuit.*

APPLETON, CUTTING, GOODENOW, DAVIS and KENT, JJ., concurred.